## Yates v. Harvey et al.

November 30, 1948.

Joe Hobson for appellant.

Harry R. Burke for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This appeal involves the title to a small tract of land in Floyd County. The land was formerly owned by Mrs. Mary Lawson, and, while it appears to have changed hands several times in 1938 and 1939, the only deed filed with the record was one executed by Mrs. Lawson to the appellant, Wince Yates, in June, 1938.

According to the statements in the brief for the appellant, which we are disposed to accept as correct, in view of the fact that counsel for appellees has filed no brief, Mrs. Lawson first sold the land to Jim Steele, who in turn sold it to Yates. However, the deed was made from Mrs. Lawson to Yates. Yates then sold the land to Green Lawson, who had made an unsuccessful attempt to buy it from Mrs. Lawson. Lawson in turn sold it to Jim Steele and thereafter rented the property from Steele. Subsequently, Yates again purchased the land from Steele. The deed heretofore referred to was executed by Mrs. Lawson to Yates to correct a mistake in a deed which she had previously executed to Yates.

Yates testified that some time after August, 1939, the appellee, Nelson Harvey, asked him about the land and Harvey said that if he did not get the place he would get the corn crop. After another party had attached the corn crop Harvey instituted this action to get possession of the land, claiming that he had purchased it from Green Lawson. He asked that he be adjudged the owner of the land, or, in the alternative, a lien against

it to secure the purchase money which he alleged he had already advanced to Lawson. In a separate answer and counterclaim Yates sought to have quieted his title to the land. In the final judgment Yates was granted a first lien on the land to secure the sum of $45 due from Green Lawson, and Harvey was granted a second lien on it to secure the payment of the sum of $100 which he said he had advanced to Green Lawson for the purchase price of the land.

On this appeal Yates is insisting that, since Harvey did not establish title to the land, his petition should have been dismissed and that he, Yates, should have been adjudged an innocent purchaser from Steele.

Harvey alleged that he had purchased the land from Green Lawson and had paid him the purchase price in August, 1939. However, he filed no deed from Lawson. He sought also to have the second deed from Mrs. Lawson to Yates canceled. The only writing produced by Harvey is as follows:

"Signature Waived
(1)
August 28, 1939
Honaker, Ky.

I hold Nelson Harvey my corn crop in the frog Branch Bout and paid for un till the 45 dollars is paid it is to be paid by October the 15th to Jim Stell or the corn crop is my in full.

Sine by Green Lawson
Witness by ClomBus Looson"

On the other hand, the appellant's claim to the land is supported by his deed from Mrs. Lawson, and the evidence heretofore mentioned, including the statement that Green Lawson was paying rent to Jim Steele on the land before the alleged conveyance from Lawson to Harvey.

Under the circumstances, we think the chancellor erred in his judgment, and that Wince Yates should have been adjudged the relief sought by him against the appellee, Nelson Harvey.

Wherefore, the judgment is reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.